IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
No. 1:19-CV-00808-LCB-JLW

ROSETTA SWINNEY, an individual )
and legal guardian and next of friend )
to J.S., a minor, )
)
                Plaintiffs, )
)
v. )
)
FRONTIER AIRLINES, Inc.; Indigo )
Partners LLC; ABC Corporation 1-5; )
Jane Doe and John Doe 1-10, )
)
                Defendants. )

**BRIEF IN SUPPORT OF DEFENDANT FRONTIER AIRLINES, INC.'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT AT LAW**

Defendant, Frontier Airlines, Inc. ("Frontier"), through its counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for its Brief in support of its Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted, states the following:

    **I.    NATURE OF THE MATTER BEFORE THE COURT**

This matter is before the Court on Frontier's motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), because each Count thereof fails to state a claim upon which relief can be granted.

1

## II. ALLEGED FACTS

This action arises out of an incident that occurred on or about April 20, 2019 at McCarran International Airport in Las Vegas, Nevada, involving a mother and her daughter. (*See* Complaint [DE 1] ¶ 1). Plaintiff Rosetta Swinney ("Swinney") and J.S., a minor and next friend through her mother and legal guardian Rosetta Swinney ("J.S.") (collectively "Plaintiffs"), were passengers boarding a flight bound for Raleigh-Durham International Airport who allege that they were improperly forced off of Frontier Flight 2066 after they refused to clean someone else's vomit. (Complaint [DE 1] ¶1). Swinney alleges that she was subsequently arrested and jailed and J.S. was placed in Nevada's Child Protective Services. (Complaint [DE 1] ¶1).

As a result of that incident, Plaintiffs filed their Complaint against Defendants on August 8, 2019, alleging claims of Abuse of Process (Count One), Defamation (Count Two), Negligence (Count Three), Gross Negligence (identified as an additional Count Three), Intentional Infliction of Emotional Distress (Count Four), and Negligent Infliction of Emotional Distress (Count Five). (*See generally* Complaint [DE 1]). Plaintiffs have alleged that this Court has original jurisdiction pursuant to 28 U.S.C. §1332. (Complaint [DE1] ¶19).

Pursuant to Fed. R. Civ. P. 12(b)(6), this Court should dismiss all Counts against Frontier because each Count fails to state a claim upon which relief can be granted.

### III. QUESTION PRESENTED

As to each Count, do the Plaintiffs' allegations state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6)?

### IV. ARGUMENT

#### A. LEGAL STANDARD

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). That standard does not require detailed factual allegations, but does demand more than unadorned accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678. A complaint must contain enough facts to "nudge a claim across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

#### B. APPLICABLE LAWS

Plaintiffs have brought this action in this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. When a federal court acts under its diversity jurisdiction, the court must apply the substantive law of the state where the cause of action arose. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). In tort actions, North Carolina courts apply the rule of *lex loci delicti commissi* ("*lex loci*"), or the law of the

3

Case 1:19-cv-00808-LCB-JLW   Document 14   Filed 12/06/19   Page 3 of 17

place where the wrong was committed, to determine the applicable substantive law. *Boudreau v. Baughman*, 322 N.C. 331, 335, 368 S.E.2d 849 (1988). Here, as alleged, the actions of Defendants, save the defamation claim, were exclusively committed in the State of Nevada. For all but one Count, therefore, this Court should apply Nevada state law.

As to defamation claims, "the place of the harm has traditionally been considered to be the place where the defamatory statement was published, *i.e.*, seen or heard by nonparties." *Wells v. Liddy*, 186 F.3d 505, 521-22 (4th Cir. 1999). When, however, publication occurs over multiple states, North Carolina courts have held that in the case of multi-state publication of defamatory statements, the place of residency of the defamed party is the place where plaintiff's reputation has been injured. *Castro v. Goggins*, 2016 U.S. Dist. LEXIS 171117 (M.D.N.C. Dec. 12, 2010). Thus, under the *lex loci* rule, North Carolina courts apply the law of the state of the injured party's residency to defamation claims. Here, Plaintiff and Plaintiff's daughter are residents of North Carolina, and, therefore, North Carolina law should apply to Plaintiffs' defamation claim.

**C.    ANALYSIS**

   **1.** ***This Court should dismiss Plaintiffs' claim for abuse of process because the Complaint contains no allegations as to Defendants' use of the legal process.***

Under Nevada law, abuse of process requires two elements: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *LaMantia v.*

4

*Redisi*, 118 Nev. 27, 38 P.3d 877, 879 (Nev. 2002) (quoting *Posadas v. City of Reno*, 109 Nev. 448, 851 P.2d 438, 444-45 (Nev. 1993)) (internal quotation marks omitted).

Plaintiffs' Complaint states that Frontier "knowingly misused the legal process for its ulterior purpose of removing Plaintiff and J.S." (Complaint [DE 1] ¶28). There are no allegations to support the alleged "misuse" and Frontier's "ulterior motive" other than this single conclusory statement. The Complaint does not explain what motive Frontier possessed regarding removing Swinney from the flight, nor does the Complaint even describe the willful act or mechanism Frontier used in removing Swinney from the aircraft. Plaintiffs provide only a conclusory assertion regarding Frontier's alleged abuse of process, and then detail law enforcement's involvement in removing Swinney from the flight and placing her under arrest.

However, "[t]he utilized process must be judicial, as the tort protects the integrity of the court." *Land Baron Inv. v. Bonnie Springs Family LP*, 356 P.3d 511, 519 (Nev.), *reh'g denied* (Nov. 24, 2015), *reconsideration en banc denied* (Jan. 22, 2016). There is no allegation whatsoever that Frontier utilized any judicial process related to the subject incident. While Plaintiffs allege that Swinney was ultimately arrested, such decision was made by law enforcement – not defendants, as they lack the authority to do so. In any event, an arrest is not a use of the judicial process, and, therefore, it cannot be used as a basis for an abuse of process claim. *Banerjee v. Cont'l Inc., Inc.*, No. 2:16-CV-669 JCM (VCF), 2016 U.S. Dist. LEXIS 141891, at *10 (D. Nev. Oct. 11, 2016).

5

Accordingly, the Court should dismiss Count One of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

2. ***This Court should dismiss Plaintiffs' claim for defamation because Plaintiffs do not allege sufficient facts to support a claim for defamation***

As mentioned above, unlike Plaintiffs' other causes of action, North Carolina law should apply to Plaintiffs' defamation claim. To state a claim for defamation under North Carolina law, "a plaintiff must allege that the defendant caused injury to the plaintiff by making false, defamatory statements of or concerning the plaintiff, which were published to a third person." *Boyce & Isley, PLLC v. Cooper*, 153 N.C. App. 25, 29, 568 S.E.2d 893, 897 (2002). A certain set of statements, such as those regarding sexual diseases or crimes of "moral turpitude," are considered defamatory *per se* and do not require the plaintiff to prove malicious intent or show damages. *Williams v. Rutherford Freight Lines, Inc.,* 10 N.C. App. 384, 387-88, 179 S.E.2d 319, 322 (1971). Other statements that are less clearly defamatory may still support a defamation claim but require the plaintiff to prove intent and damages - these statements are called libel *per quod. Daniels v. Metro Magazine Holding Co., L.L.C.,* 179 N.C. App. 533, 538, 634 S.E.2d 586, 590 (2006).

Here, the Plaintiffs allege that Frontier represented Swinney as disruptive. (Complaint [DE 1] ¶30). Plaintiffs further allege that an agent of Frontier stated on the planes' intercom that "because of one rude passenger we are asking everyone to deplane." (Complaint [DE] ¶32). Stating that someone is disruptive or rude, regardless of whether that statement is true or not, does not rise to a defamation *per se* claim. Moreover, a statement "that does not 'assert any illegal or wrongful activity' by the

6

plaintiff, generally does not rise to the level of defamation recognized under North Carolina law." *Diagnostic Devices, Inc. v. Doctor Diabetic Supply, Inc.*, No. 3:09CV135-GCM, 2010 U.S. Dist. LEXIS 1709, at *7 (W.D.N.C. Jan. 11, 2010) (quoting *Nucor Corp. v. Prudential Equity Grp., LLC.*, 189 N.C. App. 731, 737, 659 S.E.2d 483, 487 (2008)).

In determining whether a publication is defamatory *per quod*, "[t]he circumstances of the publication are pertinent, as well as the hearers' knowledge of facts which would influence their understanding of the words used." *Tyson v. L'Eggs Prods., Inc*., 84 N.C. App. 1, 13, 351 S.E.2d 834, 841 (1987). Although "it is for the jury to determine how [the publication] was understood by the recipient[,] . . . it is the province of the court to determine in the first instance whether a communication is capable of defamatory meaning." *Id.* (emphasis omitted).

In this case, the alleged statements made by Frontier are not capable of defamatory meaning. Further, there is no allegation of any intent on the part of Frontier to cause Plaintiffs any harm, and there is no description of recoverable damages suffered by Swinney or her daughter. To establish a claim for defamation *per quod*, Plaintiff must specifically allege and prove special damages—"the facts giving rise to the special damages must be alleged so as to fairly inform the defendant of the scope of plaintiff's demand." *Nguyen v. Taylor*, 200 N.C. App. 387, 392-93, 684 S.E.2d 470, 474-75 (2009). Here, Plaintiffs do not allege any special damages. Rather, they claim that the alleged statements by Frontier caused them embarrassment and humiliation, without

7

providing facts to support any specific economic loss. (Complaint [DE 1] ¶33). Accordingly, the Court should dismiss Count Two of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

   3. ***This Court should dismiss Plaintiffs' claim for negligence because Plaintiffs do not allege sufficient facts as to a breach of duty or damages to support a claim for negligence.***

Plaintiffs allege that Frontier was negligent as a common carrier in exposing Plaintiffs to a bio-waste or vomit. In order to show negligence, a plaintiff must allege four elements: an existing duty of care, breach, legal causation, and damages. *Turner v. Mandalay Sports Ent., LLC*, 124 Nev. 213, 218 (2008).

In support of their contention that Frontier was negligent, Plaintiffs allege that Frontier breached its duty "by failing to adhere to well established rules and regulations […] to the removal of bio-waste." (Complaint [DE 1] ¶36). In support of their claim, however, Plaintiffs admit that the relevant flight was delayed specifically so that Defendants could clean the aircraft. (Complaint [DE 1] ¶36). Further, Plaintiffs do not identify any rules or regulations related to the removal of bio-waste or vomit. Rather, they vaguely allege that Frontier is required to "take swift action to remove bio-waste aboard their aircraft and to strictly adhere to certain safe practices as it relates to the removal of bio-waste on aboard [sic] their aircrafts pursuant to well established rules and regulations." (Complaint [DE 1] ¶35). There are no facts alleged that Frontier breached any duty that resulted in physical injuries to Plaintiffs.

8

Negligence also requires the existence of damages. In Plaintiffs' claim for negligence, Plaintiffs simply state that "Plaintiff and J.S. were substantial [sic] harmed" and that they were "exposed to a bio-waste with a potential unknown blood or airborne pathogens." (Complaint [DE 1] ¶37). There is no allegation in support of actual damages suffered by Swinney or her daughter as a result of exposure to vomit, only a conclusory statement of substantial harm. There are no allegations of physical injury or medical expenses related to the vomit.

Accordingly, the Court should dismiss Count Three of Plaintiffs' Complaint as to negligence for failure to state a claim upon which relief can be granted.

**4.** *This Court should dismiss Plaintiffs' claim for gross negligence because Plaintiffs do not allege sufficient facts to support a claim for gross negligence and no conduct alleged by Plaintiffs by the Defendant amounts to gross negligence.*

Plaintiffs also include a second Count Three in their Complaint, which contains substantial similarities to the count for negligence, but instead alleges that Swinney and her daughter's exposure to bio-waste resulted from gross negligence on behalf of Defendants when they knowingly and recklessly disregarded the safety of Plaintiffs by failing to take "immediate action to remove bio-waste." (Complaint [DE1] ¶39). "Gross negligence is substantially and appreciably higher in magnitude and more culpable than ordinary negligence. Gross negligence is equivalent to the failure to exercise even a slight degree of care. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care." *Bearden v. Boulder City*, 89 Nev. 106, 109

9

(1973). Plaintiffs' allegations include, however, that the flight attendant provided cleaning materials, including Clorox wipes, rubber gloves, and napkins. (Complaint [DE 1] ¶15). The remainder of Plaintiffs' allegations do not show any acts of an aggravated character in any sense such to rise to the level of gross negligence. At best, the interactions between the flight attendant and Swinney amount to miscommunication, not gross negligence.

Additionally, as with Plaintiffs' claim for negligence, Plaintiffs have not established that Frontier breached a duty of care relating to cleaning up the vomit. Also, as with Plaintiffs' claim for negligence, Plaintiffs simply state that Swinney and her daughter were harmed, without providing any factual support or basis for their alleged damages. Because of their failure to sufficiently support a claim for gross negligence, the Court should dismiss Plaintiffs' second Count Three of the Complaint as to gross negligence for failure to state a claim upon which relief can be granted.

**5.** *This Court should dismiss Plaintiffs' claim for intentional infliction of emotional distress because Frontier's conduct was not extreme and outrageous, was not intentional, and Plaintiffs' allegations do not support severe or extreme emotional distress.*

To establish a claim of intentional infliction of emotional distress, a plaintiff must plead and prove three elements: that (1) defendants engaged in extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) plaintiffs suffered severe or extreme emotional distress; and (3) actual or proximate causation. *Banerjee,* 2016 U.S. Dist. LEXIS 141891, at *13-14.

10

Case 1:19-cv-00808-LCB-JLW   Document 14   Filed 12/06/19   Page 10 of 17

"Extreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." This description does not encompass acts which are merely "inconsiderate" or "unkind." *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 953 P.2d 24, 26 (Nev. 1998). In *Maduike*, the plaintiffs, who were involved in a car accident involving their rental vehicle, alleged that the defendant rental car agency rented a three year old car to them with over 53,000 miles and only $349.00 in repairs expended, did not inspect the safety equipment after a month-long rental to another customer, rented the car to them despite a readily apparent brake or tire problem, refused to take measures to repair or prevent further driving of the car even after the plaintiffs were in a rear-end accident, and later repeatedly told the plaintiff "There is nothing I can do, man" and then ignored him. *Maduike,* 114 Nev. 1, 4-5 (1998). The Nevada Supreme Court concluded that even "after considering all evidence in a light most favorable to the [plaintiffs] and drawing all inferences in their favor … the element of extreme and outrageous conduct was not met." *Id.* at 5. Liability simply does not extend "to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Restatement (Second) of Torts § 46, cmt. d.

Initially, it is for the court to determine both whether the conduct alleged is extreme and outrageous and whether each plaintiff has suffered severe emotional distress. *Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993). Emotional distress is severe if it is so intense that no reasonable person could be expected to endure it. *Id.* A claim for intentional infliction of emotional distress operates on a continuum: the less

11

extreme the outrage, the greater the need for evidence of a physical injury or illness from the emotional distress. *Chowdhry v. NLVH, Inc.,* 109 Nev. 478, 483, 851 P.2d 459, 462 (1993).

Here, the extreme and outrageous conduct identified by Plaintiffs is "removing a mother and a child from a flight that the mother had purchased tickets for because the mother refused to clean another person's vomit and refused to allow her child to clean another person's vomit." (Complaint [DE 1] ¶43). The alleged conduct does not appear to rise to the level of "extreme and outrageous" under Nevada law. If Plaintiffs' allegations are taken exactly as pleaded, at most, these allegations amount to inconsiderate, but not extreme and outrageous. Further, there is no allegation indicating that Frontier intended to or had a reckless disregard to inflict emotional distress. (Complaint [DE 1] at Count Four).

Additionally, Plaintiffs simply allege that she and her child suffered severe emotional distress, with no further details as to the distress suffered or any indicia of the severity of the emotional distress whatsoever. (Complaint [DE 1] ¶45). In *Kelley v. Henderson*, the plaintiff spent several months in jail for a crime she did not commit after her spouse falsely reported that the plaintiff had stabbed her. No. 2:15-CV-02204-APG-VCF, 2017 U.S. Dist. LEXIS 99821, at *1 (D. Nev. June 27, 2017). The court found the plaintiff's "allegations of humiliation, anxiety, embarrassment, and severe emotional distress [did] not suffice to allege she experienced severe emotional distress[,]" and that she had "not alleged she sought treatment or suffered physical manifestations of her

12

emotional distress." *Id.* at *17.

Without any details about the actual distress suffered by Swinney and her daughter to support the elements of extreme emotional distress and actual or proximate causation, Plaintiffs' cannot recover for intentional infliction of emotional distress. Therefore, the Court should dismiss Count Four of Plaintiffs' Complaint as to intentional infliction of emotional distress for failure to state a claim upon which relief can be granted.

> **6.** ***This Court should dismiss Plaintiffs' claim for negligent infliction of emotional distress because Plaintiffs' allegations do not support that the defendant acted negligently, nor that the Plaintiffs suffered severe emotional distress.***

In order to support a claim for negligent infliction of emotional distress, a plaintiff must show that the defendant acted negligently, a physical impact or, in the absence of a physical impact, proof of serious emotional distress causing physical injury or illness, and actual or proximate causation. *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 448 (1998). As previously stated, Plaintiffs have not supported a claim for negligence in this matter. For that reason alone, Plaintiffs' count for negligent infliction of emotional distress should be dismissed. Even if this Court were to find that Plaintiffs properly alleged negligence, Plaintiffs are still required to plead facts establishing either a physical impact, or proof of serious emotional distress causing physical injury or illness. The emotional distress inflicted must be manifested as a physical injury where "the negligent act is alleged to have been committed directly against the plaintiff." *Chowdhry v. NLVH, Inc.*, 109 Nev. 478, 482 (1993).

13

Here, Plaintiffs' allege in only a conclusory fashion that she and her daughter suffered severe emotional distress due to vomit not being removed from the aircraft. (Complaint [DE 1] ¶50). They do not state, however, any facts to support serious emotional distress, physical injury or illness. These *de minimis* allegations do not adequately plead a claim for negligent infliction of emotional distress. *See Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

For comparison, in *Nelson v. Las Vegas*, the Nevada Supreme Court affirmed dismissal of the plaintiff's infliction of emotional distress claim because she did not allege facts that the defendants' conduct "caused her any physical injury or illness." 99 Nev. 548, 555-56 (1983). In *Chowdhry*, the Nevada Supreme Court affirmed that "[i]nsomnia and general physical or emotional discomfort are insufficient to satisfy the physical impact requirement." 109 Nev. at 483. Additionally, in *Olivero v. Lowe*, the Nevada Supreme Court clarified that "in cases where emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of serious emotional distress causing physical injury or illness must be presented." 116 Nev. 395, 399 (2000).

In this matter, Plaintiffs have not properly alleged negligence in the first place, and have not properly supported the damages required to sustain a claim for negligent

14

infliction of emotional distress. As a result, this Court should dismiss Plaintiffs' claim for negligent infliction of emotional distress as to Frontier.

## V. CONCLUSION

For the foregoing reasons, all Counts of Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief may be granted.

This the 6th day of December, 2019.

>*/s/* Robert J. Morris
>Robert J. Morris
>N.C. State Bar No. 15981
>SMITH ANDERSON BLOUNT DORSETT
>MITCHELL & JERNIGAN, LLP
>2300 Wells Fargo Capitol Center
>150 Fayetteville Street
>Raleigh, North Carolina 27601
>Telephone: (919) 821-1220
>jmorris@smithlaw.com
>
>Brian T. Maye
>ADLER MURPHY & MCQUILLEN LLP
>20 South Clark Street, Suite 2500
>Chicago, IL 60603
>Telephone: (312) 422-5713
>bmaye@amm-law.com
>
>*Attorneys for Frontier Airlines, Inc.*

## CERTIFICATE OF WORD COUNT

I hereby certify that this brief complies with the word limits of Local Civil Rule 7.3(d) because, excluding the parts exempted by the rule, the brief contains 3,623 words.

>*/s/* Robert J. Morris
>Robert J. Morris
>N.C. State Bar No. 15981
>SMITH ANDERSON BLOUNT DORSETT
>MITCHELL & JERNIGAN, LLP
>2300 Wells Fargo Capitol Center
>150 Fayetteville Street
>Raleigh, North Carolina 27601
>Telephone: (919) 821-1220
>jmorris@smithlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing DEFENDANT FRONTIER AIRLINES, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AT LAW was filed with the Clerk of Court using the CM/ECF system, which will cause notice hereof to be sent to all attorneys of record for plaintiff Rosetta Swinney as follows:

| | |
|---|---|
| Harry M. Daniels | daniels@danielsjameslaw.com |
| Julian M. Hall | julianmhall01@gmail.com |
| Sharika M. Robinson | srobinson@sharikamrobinsonlaw.com |

This the 6th day of December, 2019.

*/s/* Robert J. Morris
Robert J. Morris
N.C. State Bar No. 15981
SMITH ANDERSON BLOUNT DORSETT
MITCHELL & JERNIGAN, LLP
2300 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, North Carolina 27601
Telephone: (919) 821-1220
jmorris@smithlaw.com