IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
No. 1:19-CV-00808-LCB-JLW

| | |
|---|---|
| ROSETTA SWINNEY, an individual and legal guardian and next of friend to J.S., a minor, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| FRONTIER AIRLINES, INC., *et al.*, | ) ) |
| Defendants. | ) |

**REPLY BRIEF IN SUPPORT OF DEFENDANT FRONTIER AIRLINES, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AT LAW**

Defendant, Frontier Airlines, Inc. ("Frontier"), through its counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), for its Reply to Plaintiffs' Response, and in support of its Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted, states the following:

**ARGUMENT**

As more fully addressed below, Plaintiffs have not sufficiently addressed the deficiencies in the factual allegations in their Complaint. Because Plaintiffs' Complaint fails to plead facts to support the elements of each theory of liability, their Complaint should be dismissed in its entirety. While federal pleading standards do not require detailed factual allegations in the complaint, Rule 8 does demand more than unadorned accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court cannot accept as true

1

legal conclusions in a complaint that merely recites the elements of a cause of action supported by conclusory statements. *Id.* A complaint must contain enough facts to "nudge a claim cross the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

1. *Abuse of Process*

In their Response, Plaintiffs summarily contend that they have pleaded sufficient facts to support a claim for abuse of process. Plaintiffs have not, however, identified any facts that support the elements of their abuse of process claim. Instead, they make the bare contention that *Banerjee v. Cont'l Inc., Inc.*, a case cited by Frontier in its opening brief, does not support Frontier's position that "an arrest is not a use of the judicial process." (*See* Plaintiffs' Response in Opposition to Frontier's Motion to Dismiss [DE15], page 5); 2016 U.S. Dist. LEXIS 141891, at *10 (D. Nev. Oct. 11, 2016). Glaringly absent from Plaintiffs' dismissal of *Banerjee* is an alternative interpretation or an offer of any case law rebutting Frontier's position that an arrest cannot be used as a basis for an abuse of process claim.

Frontier maintains that its actions, even as alleged in Plaintiffs' Complaint, were entirely unrelated to the legal or judicial process. In this vein, there are no facts alleged in the Complaint establishing "an ulterior purpose" and "a willful act in the use of the legal process not proper in the regular conduct of the proceeding," both of which are required to prove an abuse of process claim. *LaMantia v. Redisi*, 118 Nev. 27, 38 P.3d 877, 879 (Nev. 2002). The case law is clear that "[t]he utilized process must be judicial,
2

as the tort protects the integrity of the court." *Land Baron Inv. v. Bonnie Springs Family LP*, 356 P.3d 511, 519 (Nev.), *reh'g denied* (Nov. 24, 2015), *reconsideration en banc denied* (Jan. 22, 2016). Here, because Plaintiffs have not described any action taken by Frontier related to the judicial process, the Court should dismiss Count One of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

### 2. *Defamation*

Plaintiffs do not dispute Frontier's contention that Plaintiffs have not pleaded facts to establish defamation *per quod*. Rather, Plaintiffs argue that they are alleging the intermediate category of defamation, which requires that the alleged defamatory statement be susceptible of two meanings or reasonable interpretations, one of which is defamatory and the other not. (Response [DE 15], page 6). However, not only have Plaintiffs failed to offer up those alternative interpretations and/or meanings, but they also concede that they have not pleaded the intermediate category of defamation in their Complaint. (Response [DE 15], page 7, fn 1).

To the extent Plaintiffs intend to plead the intermediate category of defamation regarding the "rude" statement allegedly made orally by a flight attendant, such claim necessarily fails because an intermediate category of slander does not exist. Under North Carolina law, slander can only be brought as slander *per se* or *per quod*. *Raymond U v. Duke Univ.*, 91 N.C. App. 171, 182, 371 S.E.2d 701, 709 (1988). Accordingly, Plaintiffs' defamation claim related to the comment allegedly made on the flight fails under any circumstance.

Regarding the "disruptive" statement, it cannot be argued that such statement has two meanings or interpretations, one of which is defamatory and the other not, because the statement on its face is not "obviously defamatory." *See Raymond U*, 91 N.C. App. 181. Therefore, the statement can only be considered defamatory if it reveals itself as harmful "in consequence of extrinsic, explanatory facts showing its injurious effect," making it a *per quod* claim. *Plasman v. Decca Furniture (USA), Inc.*, 2016 NCBC 78, 80. To succeed on a *per quod* basis, "the injurious character of the words and some special damage must be pleaded and proved." *Beane v. Weiman Co., Inc.*, 5 N.C. App. 276, 277, 168 S.E.2d 236, 237 (1969).

Here, there is no allegation of any intent on the part of Frontier to cause Plaintiffs any harm, and there is no description of special damages allegedly suffered by Plaintiffs, only a vague description of humiliation, embarrassment, and tarnished reputation. However, emotional distress, humiliation and mental suffering are not sufficient allegations to establish a basis for relief in cases which are only actionable *per quod*. *Zagaroli v. Neill*, 2017 NCBC LEXIS 103, *52-53. Accordingly, the Court should dismiss Count Two of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

### 3. *Negligence*

Frontier does not contend that it does not owe a duty to its passengers. Frontier merely states that Plaintiffs have not alleged facts to support their negligence claims. In their Complaint, Plaintiffs allege that Frontier violated rules and regulations in not swiftly

4

Case 1:19-cv-00808-LCB-JLW   Document 16   Filed 01/09/20   Page 4 of 10

removing the alleged vomit from the aircraft. However, Plaintiffs do not identify those rules or regulations. To the extent Plaintiffs are alleging that Frontier breached a common law duty by not more swiftly cleaning up the alleged vomit, and assuming, *arguendo*, that such a duty existed and Frontier breached such duty, Plaintiffs do not plead any facts establishing that they suffered any damages as a result of an un-swift clean up.

Instead, in conclusory fashion, Plaintiffs state that "Plaintiff and J.S. were substantial [sic] harmed" and that they were "exposed to a bio-waste with a potential unknown blood or airborne pathogens." (Complaint [DE 1] ¶37). The absence of any facts showing that physical injuries resulted from the alleged un-swift clean up justifies dismissal of Count Three of Plaintiffs' Complaint.

### 4. *Gross negligence*

Plaintiffs' claim for gross negligence fails for the same reasons that their claim for negligence fails. Again, Plaintiffs do not explain what they mean by "failing to adhere to well established rules and regulations," and they do not connect any actual damages to any alleged breach of duty on the part of Frontier. Because of their failure to sufficiently support a claim for gross negligence, the Court should dismiss Plaintiffs' second Count Three in the Complaint.

### 5. *Intentional Infliction of Emotional Distress*

As to Count Four, Plaintiffs summarily conclude that Frontier's conduct was extreme and outrageous, and that Frontier was aware that its conduct would cause severe

emotional distress. Plaintiffs cannot point to any additional allegations within the Complaint that will support this theory of liability. Plaintiffs have no response to the numerous instances of case law cited in Frontier's Brief in Support of its Motion to Dismiss, highlighting the egregious level of conduct required to meet the "extreme and outrageous" standard, nor do they offer any contrary case law. Further, there are no factual allegations indicating that Frontier intended to or had a reckless disregard to inflict emotional distress. (Complaint [DE 1] at Count Four).

Plaintiffs similarly do not possess any further support to establish that they suffered severe emotional distress, other than an unsupported statement to the same effect. Bald allegations of humiliation, anxiety, embarrassment and severe emotional distress are not enough to establish severe emotional distress, without factually detailing physical manifestations of emotional distress. *Kelley v. Henderson*, No. 2:15-CV-02204-APG-VCF, 2017 U.S. Dist. LEXIS 99821, at *1 (D. Nev. June 27, 2017). Without sufficient support for their bare allegations, Plaintiffs cannot recover for intentional infliction of emotional distress. Therefore, the Court should dismiss Count Four of Plaintiffs' Complaint as to intentional infliction of emotional distress.

### 6. *Negligent Infliction of Emotional Distress*

As previously stated in Frontier's Motion to Dismiss and in this Reply, Plaintiffs have not factually supported a claim for negligence in this matter. For that reason alone, Plaintiffs' count for negligent infliction of emotional distress should be dismissed. Additionally, this claim fails because Plaintiffs have not pleaded facts establishing either

6

Case 1:19-cv-00808-LCB-JLW   Document 16   Filed 01/09/20   Page 6 of 10

a physical impact, or proof of serious emotional distress causing physical injury or illness. Specifically, Plaintiffs allege in only a conclusory fashion that Plaintiff Swinney and her daughter suffered severe emotional distress due to vomit not being removed from the aircraft. (Complaint [DE 1] ¶50). They do not state, however, any facts to support serious emotional distress causing physical injury or illness. As a result, this Court should dismiss Plaintiffs' claim for negligent infliction of emotional distress as to Frontier.

## **CONCLUSION**

For the foregoing reasons, all Counts of Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief may be granted.

WHEREFORE, Defendant FRONTIER AIRLINES, INC., prays that this Honorable Court enter an order dismissing Counts One through Five pursuant to Fed. R. Civ. P. 12(b)(6), and for such further relief as this Court deems just and reasonable.

This the 9th day of January, 2020.

/s/ Robert J. Morris
Robert J. Morris
N.C. State Bar No. 15981
jmorris@smithlaw.com
SMITH ANDERSON BLOUNT
DORSETT MITCHELL & JERNIGAN, LLP
2300 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, North Carolina 27601
Telephone: (919) 821-1220

Brian T. Maye
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, IL 60603
Telephone: (312) 422-5713
bmaye@amm-law.com

*Attorneys for Frontier Airlines, Inc.*

## CERTIFICATE OF WORD COUNT

I hereby certify that this brief complies with the word limits of Local Civil Rule 7.3(d) because, excluding the parts exempted by the rule, the brief does not exceed 2,000 words.

/s/ Robert J. Morris
Robert J. Morris
N.C. State Bar No. 15981
jmorris@smithlaw.com
SMITH ANDERSON BLOUNT
DORSETT MITCHELL & JERNIGAN, LLP
2300 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, North Carolina 27601
Telephone: (919) 821-1220

*Attorneys for Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANT FRONTIER AIRLINES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AT LAW was filed with the Clerk of Court using the CM/ECF system, which will cause notice hereof to be sent to all attorneys of record for plaintiff Rosetta Swinney as follows:

    Harry M. Daniels    daniels@danielsjameslaw.com

    Julian M. Hall    julianmhall01@gmail.com

    Sharika M. Robinson    srobinson@sharikamrobinsonlaw.com

This the 9th day of January, 2020.

    */s/* Robert J. Morris
    Robert J. Morris
    N.C. State Bar No. 15981
    SMITH ANDERSON BLOUNT DORSETT
    MITCHELL & JERNIGAN, LLP
    2300 Wells Fargo Capitol Center
    150 Fayetteville Street
    Raleigh, North Carolina 27601
    Telephone: (919) 821-1220
    jmorris@smithlaw.com