IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
No. 1:19-CV-00808-LCB-JLW

ROSETTA SWINNEY, an individual )
and legal guardian and next of friend )
to J.S., a minor, )
)
                     Plaintiffs, )
)
v. )
)
FRONTIER AIRLINES, Inc.; ABC )
Corporation 1-5; Jane Doe and John )
Doe 1-10, )
)
                     Defendants. )

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendant, Frontier Airlines, Inc. ("Frontier"), through its counsel, provides its Response in Opposition to Plaintiffs' Motion for Leave to File Amended Complaint.

## I. Introduction

On January 19, 2020, Plaintiffs filed their Motion for Leave to Amend Complaint with an attached proposed Amended Complaint. *See* Plaintiffs' Motion for Leave to File Amended Complaint [DE 17]. This Court should deny Plaintiffs' motion to amend their Complaint because their proposed amendment would not cure the pleading defects previously identified in Frontier's motion to dismiss, and, therefore, it is futile. *See* Frontier's Motion to Dismiss [DE 14].

1

## II. Argument

Generally, the decision of whether to grant leave to amend is in a district court's discretion. *Starnes v. Veeder-Root*, No. 1:15-CV-1002, 2017 U.S. Dist. LEXIS 31736, at 33 (M.D.N.C. Mar. 7, 2017). Rule 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "Leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Determining the potential futility of an amendment does not involve an evaluation of the underlying merits of a case, but rather "the merits of the litigation are only relevant to the Court's ruling on a motion for leave to amend if a proposed amendment may clearly be seen to be futile, such as if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Wonasue v. University of Md. Alumni Ass'n*, 295 F.R.D. 104, 107 (D. Md. 2013); see also *Superior Performers, Inc. v. Meaike*, No. 1:13-CV-1149, 2014 U.S. Dist. LEXIS 158862, (M.D.N.C. Nov. 10, 2014).

As supported by its Motion to Dismiss, Frontier has already demonstrated that Plaintiffs' original Complaint does not support any claim upon which relief could be

2

granted, and, therefore, should be dismissed. *See generally* [DE 13, 14, and 16]. Plaintiffs' proposed Amended Complaint does not remedy the defects in Plaintiffs' asserted claims.

As to Count I of the proposed Amended Complaint, Plaintiffs' allegations are identical to the allegations in the original Complaint, except for the deletion of "Indigo Partners," which was previously voluntarily dismissed from the case. Plaintiffs do not add any factual bases for their conclusory contention that Frontier (a) held an ulterior purpose other than resolving a legal dispute, and (b) committed a willful act in the use of a legal process not proper in the regular conduct of the proceeding. *See* [DE 17], Exhibit 1 at Count One. Because Count I of the proposed Amended Complaint fails to state a claim upon which relief could be granted, the amendment is futile.

In Count Two of the proposed Amended Complaint, Plaintiffs add damages allegations, but they still fail to include allegations of intent necessary to support their defamation claim. *See id.* at Count Two. Additionally, Plaintiffs continue to assert an intermediary slander claim in Count Two, which is not permitted under North Carolina law. *Raymond U v. Duke Univ.*, 91 N.C. App. 171, 182, 371 S.E.2d 701, 709 (1988). Thus, Count Two's defects have not been cured by the proposed Amended Complaint.

In Plaintiffs' multiple Count Threes, they do not allege additional facts to make those claims viable. The negligence and gross negligence claims are still devoid of any facts establishing that Plaintiffs suffered any physical injuries related to an alleged

3

exposure to vomit. Instead, Plaintiffs appear to claim that the exposure itself was the injury. However, being exposed to a substance that does not cause a physical injury is not the equivalent of actually suffering a physical injury. Therefore, these Counts continue to fail to state a claim upon which relief could be granted.

Similarly, despite Plaintiffs' efforts to supplement their allegations in Count Four, the acts allegedly committed by Frontier do not rise to the level of extreme and outrageous conduct. In their proposed Count Four, Plaintiffs assert, without any supporting factual development, that the removal of Plaintiff Swinney from the flight was extreme and outrageous. This conclusory statement, however, is not sufficient to establish "conduct […] which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Hurd v. Clark Cty. Sch. Dist.*, No. 2:16-cv-02011-GMN-NJK, 2017 U.S. Dist. LEXIS 162691, at \*18 (D. Nev. Sep. 29, 2017).

As to their injuries, Plaintiffs allege that Plaintiff Swinney suffered hair loss from Frontier's "malicious action." Hair loss, however, is an insufficient physical symptom to support an intentional infliction of emotional distress claim. *Banco Popular De P.R. v. Currence*, No. 2017-39, 2018 U.S. Dist. LEXIS 158656, at \*8-9 (D.V.I. Sep. 18, 2018), citing *Weathers v. Am. Family Mut. Ins. Co.*, No. CIV. A. 87-2557-O, 1990 U.S. Dist. LEXIS 17865, 1990 WL 254975, at \*3 (D. Kan. Dec. 11, 1990). As for the minor Plaintiff, there are no factual allegations that she suffered serious emotional distress

causing physical injury or illness. As a result, the amendments to Count Four are also futile.

Finally, Plaintiffs fail to remedy the defects in the original Count Five. In order to support a claim for negligent infliction of emotional distress, a plaintiff must show that the defendant acted negligently; that either a physical impact or, in the absence of a physical impact, serious emotional distress caused physical injury, or illness; and actual or proximate causation. *Barmettler v. Reno Air, Inc*., 114 Nev. 441, 448 (1998). In their proposed Count Five, Plaintiffs have not pleaded facts establishing either a physical impact, proof of serious emotional distress causing physical injury, or illness. As a result, the proposed amendments to Count Five are futile.

Accordingly, even with deference to the concept that leave to amend a complaint should be liberally allowed, Frontier requests that this Court deny Plaintiffs' request for leave to amend its Complaint because its proposed amendments fail to state a claim upon which relief can be granted.

This the 10th day of February, 2020.

                                            */s/* Robert J. Morris
Robert J. Morris
N.C. State Bar No. 15981
SMITH ANDERSON BLOUNT DORSETT
MITCHELL & JERNIGAN LLP
2300 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, North Carolina 27601
Telephone: (919) 821-1220
jmorris@smithlaw.com

Brian T. Maye
ADLER MURPHY & MCQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, IL 60603
Telephone: (312) 422-5713
bmaye@amm-law.com

*Attorneys for Frontier Airlines, Inc.*

6

## CERTIFICATE OF WORD COUNT

     I hereby certify that this brief complies with the word limits of Local Civil Rule 7.3(d) because, excluding the parts exempted by the rule, the brief less than the limit for Response Briefs in this District.

                                                  /s/ Robert J. Morris
                                                  Robert J. Morris
                                                  N.C. State Bar No. 15981
                                                  SMITH ANDERSON BLOUNT DORSETT
                                                  MITCHELL & JERNIGAN, LLP
                                                  2300 Wells Fargo Capitol Center
                                                  150 Fayetteville Street
                                                  Raleigh, North Carolina 27601
                                                  Telephone: (919) 821-1220
                                                  jmorris@smithlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing DEFENDANT FRONTIER AIRLINES, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT was filed with the Clerk of Court using the CM/ECF system, which will cause notice hereof to be sent to all attorneys of record for plaintiff Rosetta Swinney as follows:

| | |
|---|---|
| Harry M. Daniels | daniels@danielsjameslaw.com |
| Julian M. Hall | julianmhall01@gmail.com |
| Sharika M. Robinson | srobinson@sharikamrobinsonlaw.com |

This the 10th day of February, 2020.

/s/ Robert J. Morris
Robert J. Morris
N.C. State Bar No. 15981
SMITH ANDERSON BLOUNT DORSETT
MITCHELL & JERNIGAN, LLP
2300 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, North Carolina 27601
Telephone: (919) 821-1220
jmorris@smithlaw.com