# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

| | |
|---|---|
| ROSETTA SWINNEY, an individual and legal guardian and next of friend to J.S., a minor, | )<br>)<br>) Case No. 1:19-cv-00808- LCB-JLW<br>) |
| Plaintiffs, | ) District Judge Loretta C. Biggs<br>) |
| v. | ) Magistrate Judge Joe L. Webster<br>) |
| FRONTIER AIRLINES, Inc.; ABC Corporation 1-5; Jane Doe and John Doe 1-10, | )<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANT FRONTIER AIRLINES, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant, Frontier Airlines, Inc. ("Frontier"), through its counsel, and for its Answer to Plaintiffs' First Amended Complaint ("Complaint") states:

### INTRODUCTION

1. Frontier admits that Plaintiffs seek damages in the Complaint. Frontier denies the remaining allegations in Paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2. The allegations contained in Paragraph 2 contain conclusions of law, and, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 2.

1

## PARTIES

3. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. The allegations contained in Paragraph 4 contain conclusions of law, and, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Frontier admits the allegations contained in Paragraph 5 of the Complaint.

6. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Frontier denies that any acts or omissions of Frontier employees and/or agents caused injury to Plaintiffs. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint.

## BACKGROUND FACTS

8. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Frontier admits the allegations contained in Paragraph 9 of the Complaint.

10. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Frontier admits that Plaintiff and J.S. boarded the aircraft. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint.

12. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Frontier denies that it made any false statements. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Complaint.

19. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Frontier denies the allegations in Paragraph 23 of the Complaint.

24. Frontier denies the allegations in Paragraph 24 of the Complaint.

25. Frontier admits the allegations in Paragraph 25 of the Complaint.

26. Frontier admits that it issued a statement to the public on social media. Frontier denies the remaining allegations in Paragraph 26 of the Complaint.

27. Frontier denies it committed deliberate and/or malicious acts. Frontier also denies that Plaintiff and J.S. suffered severe mental anguish and emotional distress due to Frontier's alleged acts. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Complaint.

28. Frontier denies it disseminated lies about Plaintiff and J.S.'s removal from Flight 2066. Frontier also denies that Plaintiff and J.S. suffered severe mental anguish and emotional distress due to Frontier's alleged acts. Frontier further denies that Plaintiff and J.S. sought treatment of a mental health professional due to Frontier's alleged acts.

Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Complaint.

29. Frontier denies that Plaintiff and J.S. were subject to a well-being visit from the North Carolina Child Protection Service as a result of Frontier's alleged acts. Frontier also denies that Plaintiff was asked to clean vomit or that she was required to clean vomit. Frontier further denies that Plaintiff refused to clean another person's vomit. Additionally, Frontier denies that it committed any act or omission that caused Plaintiffs' to sustain injuries. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Complaint.

## CLAIM FOR RELIEF

## COUNT ONE

## NEGLIGENCE

30. Frontier repeats, re-alleges, and incorporates by reference its Answers to each and every allegation contained in Paragraphs 1 through 29 as though fully set forth herein.

31. The allegations contained in Paragraph 31 of the Complaint contain conclusions of law, and, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier admits only to the duties it owes under the law. Frontier denies that its duties are non-delegable.

32. The allegations contained in Paragraph 32 of the Complaint contain conclusions of law, and, therefore, no response is required. To the extent an answer is

deemed required of Frontier, Frontier denies that it committed negligence, that it caused Plaintiffs to sustain injuries, and that Plaintiffs are entitled to damages.

33. Frontier denies the allegations contained in Paragraph 33 of the Complaint.

34. Frontier denies the allegations contained in Paragraph 34 of the Complaint.

35. Frontier denies the allegations contained in Paragraph 35 of the Complaint.

## COUNT TWO

## DEFAMATION

36. Frontier repeats, re-alleges, and incorporates by reference its Answers to each and every allegation contained in Paragraphs 1 through 35 as though fully set forth herein.

37. Frontier denies the allegations contained in Paragraph 37 of the Complaint.

38. Frontier denies the allegations contained in Paragraph 38 of the Complaint.

39. Frontier denies the allegations contained in Paragraph 39 of the Complaint.

40. Frontier denies the allegations contained in Paragraph 40 of the Complaint.

41. Frontier denies the allegations contained in Paragraph 41 of the Complaint.

42. Frontier denies the allegations contained in Paragraph 42 of the Complaint.

43. Frontier denies the allegations contained in Paragraph 43 of the Complaint.

## GENERAL DENIAL

Defendant FRONTIER AIRLINES, INC. denies all allegations of Plaintiffs' First Amended Complaint which are not specifically admitted above.

# AFFIRMATIVE DEFENSES

In further response to Plaintiffs' First Amended Complaint, Defendant FRONTIER AIRLINES, INC. raises and preserves the following Affirmative Defenses:

1. Plaintiffs' First Amended Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

2. Plaintiffs may lack capacity or standing to bring this action.

3. Plaintiffs' action is filed in an improper venue.

4. Plaintiffs' action is barred, in whole or in part, by the applicable statute of limitations.

5. Plaintiffs' claims are barred, in whole or in part, by *res judicata*, collateral estoppel, laches, waiver, or unclean hands.

6. Plaintiffs' action may be governed, in whole or in part, by the laws of jurisdictions other than North Carolina.

7. Plaintiffs' claims are preempted, in whole or in part, by federal law.

8. Plaintiffs' alleged damages, if any, are barred or limited under applicable law.

9. Plaintiffs' alleged damages, if any, may have been directly and proximately caused by an unavoidable accident or an act of god for which Frontier is not responsible.

10. Plaintiffs' alleged damages, if any, are barred or limited under applicable law due to Plaintiffs' failure to mitigate damages.

11. Plaintiffs' alleged damages, if any, were caused in whole or in part by the assumption of risk, fault, neglect, want of care, or independent, intervening, or superseding acts or omissions or other culpable conduct of Plaintiffs themselves for which Frontier is not responsible.

12. Plaintiffs' recovery, if any, shall be barred or diminished to the extent that such injury or damage was proximately caused by negligence or other tortious misconduct on the part of Plaintiffs or third parties.

13. Frontier denies that its conduct was a cause or proximate cause of Plaintiffs' alleged damages. Further, Plaintiffs' alleged damages, if any, were caused in whole or in part, by acts or omissions, including but not limited to, unusual negligent or willful acts or omissions by other persons or entities, named or unnamed, over whom Frontier has no control or right to control.

14. Plaintiffs' claims and recovery are barred, in whole or in part, by the applicable laws governing comparative fault, contributory negligence, and assumption of risk due to the acts or omissions of unknown third parties for which Frontier is not responsible.

15. Plaintiffs' alleged damages, if any, were caused by the acts or omissions of other persons or entities for which Frontier is not liable. In the event Frontier is found liable to Plaintiffs, which Frontier expressly denies, Frontier may be entitled to indemnification or contribution from such third parties, or apportionment of liability and

fault against such third parties pursuant to applicable law and reserve their right to seek the same.

16. Some or all of Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs may have already received full satisfaction or compensation for their alleged damages, if any, and Plaintiffs' claims may be barred by such prior release of claims or accord and satisfaction with any entity.

17. If Plaintiffs have available to them and have received benefits paid by a collateral source for their injuries and damages, if any, Frontier is entitled to a setoff of these amounts against any amount of damages awarded against it, if any, pursuant to the applicable Nevada statute.

18. Plaintiffs' claims are barred, in whole or in part, by contractual release, disclaimer, or limitations remedies entered into by Plaintiffs.

19. Plaintiffs' claims are barred or limited pursuant to contract.

20. Plaintiffs' claims are waived, in whole or in part, pursuant to contract.

21. Frontier has complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

22. Plaintiffs' Complaint fails to set forth a claim for punitive damages upon which relief may be granted.

23. To the extent Plaintiffs' Complaint asserts a demand for punitive damages, Frontier specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in

the decisions of BMW of North America, Inc. v. Gore, 517 U.S. 559 (1966); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001); and State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003).

24. To the extent that Plaintiffs' Complaint seeks punitive damages, Frontier pleads the following in regard to punitive damages: a. An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the applicable state Constitution; b. An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the applicable state Constitution; c. The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the applicable state Constitution; d. An award of punitive damages in this civil action would amount to an excessive fine in violation of the due process provisions of the Eighth Amendment to the United States Constitution and the corresponding provisions of the applicable state Constitution; and e. Plaintiff's claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

## RESERVATION OF FURTHER DEFENSES

Defendant FRONTIER AIRLINES, INC. reserves the right to supplement and amend its defenses to this action, including its Affirmative Defenses, as necessary in light of the allegations, facts, claims, and changes or modifications in the law.

WHEREFORE, having fully answered and responded to the allegations in Plaintiffs' First Amended Complaint, Defendant FRONTIER AIRLINES, INC. respectfully requests that:

1. A judgment that Plaintiffs shall take nothing from Frontier by way of their First Amended Complaint;

2. An award to Frontier of costs of suit and any recoverable attorneys' fees; and,

3. Such other and further relief as this Court deems proper.

## **DEMAND FOR JURY TRIAL**

Defendant FRONTIER AIRLINES, INC. demands trial by jury.

Date: July 31, 2020

Respectfully submitted,

**FRONTIER AIRLINES, INC.**

*/s/* Brian T. Maye

Brian T. Maye
Aaron M. White
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, IL 60603
Telephone: (312) 422-5713
bmaye@amm-law.com
awhite@amm-law.com

Robert J. Morris
SMITH ANDERSON BLOUNT
DORSETT MITCHELL & JERNIGAN,
LLP
2300 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, North Carolina 27601
Telephone: (919) 821-1220
jmorris@smithlaw.com

*Attorneys for Frontier Airlines, Inc.*

12

## CERTIFICATE OF SERVICE

I certify that on July 31, 2020, I caused the foregoing to be electronically filed with the United States District Court for the Middle District of North Carolina using the CM/ECF system.

/s/ Brian T. Maye