IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
No. 1:19-cv-00808-LCB-JLW

ROSETTA SWINNEY, an individual )
and legal guardian and next of friend )
to J.S., a minor, )
)
                Plaintiffs, )
)
v. )
)
FRONTIER AIRLINES, Inc., et al. )
)
                Defendants. )

## **PLAINTIFFS' INDIVIDUAL REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), Counsel for Plaintiffs held a Rule 26(f) meeting with counsel for Defendants, starting in October, 2020. The "Parties" shall mean Plaintiffs and Defendants collectively.

The parties conferred over the course of several days but could not agree on a final discovery plan (the "Plan"). Thus, each Party will submit its own proposal. Plaintiffs' proposal is attached as **Exhibit A** (the "Proposal").

While the Parties were able to agree on most of the Plan—excluding most dates and applicable timeline—they could not agree regarding limitations on requests for admission and the time in which to join additional parties, time to provide initial disclosures, and the completion of discovery. Defendants' proposal also has a language related to the selection of a mediator that Plaintiffs do not object to. All of which fell apart because Plaintiffs would not agree to agree to cap discovery.

1

Defendants, primarily, in their proposal, seek to limit Plaintiffs requests for admission. Plaintiffs object to this *preemptive limitation* as an unreasonable restraint on his ability to develop the facts and issues in this case.

Defendants' proposed language supplants the procedural rules that are mandated by federal statutory law. Indeed, limiting the number of requests for admission is not *required* by either the Local Civil Rules of Practice and Procedure for the Eastern District of North Carolina (the "Local Rules"), nor by the Federal Rules of Civil Procedure (the "FRCP or Federal Rules"). FRCP 36 governs requests for admission and places no limit on the maximum number of requests. The corresponding Local Rule 36.1 does not limit the number of admissions either. While parties *may agree* to a limit on the number of requests for admission, it is not required by Rule 36 or Rule 26 of the FRCP, nor 26.1 of the Local Rules, and there is *no consensus* here.

There is no limitation on the number of requests for admission for good reason. Rule 36 requests for admission is used to confirm facts to narrow down the issues on which the case will be decided at summary judgment and trial. By contrast, FRCP does place limitations on the number of interrogatories that a party may make. *See* Fed. R. Civ. P. 33 (limiting the number of interrogatories to no more than 25, including subparts). Interrogatories are used to develop the facts, procure evidence or secure information as to where pertinent evidence exists and can be obtained. Defendants cannot ignore statutory intent and force unnecessary restraints on the number of requests for admission, akin to interrogatories when Congress

2

specifically delineated between the two types of resources and specifically enumerated that requests for admission would be unlimited and interrogatories definitive to twenty-five (25).

Put another way, the primary use of requests for admission is critical to litigation. Under both the FRCP and Local Rule 36 is intended to expedite discovery and trial, furthers efficiency, reduces waste and preserves judicial economy. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("The purpose of such admissions is to narrow the array of issues before the court, and thus expedite both the discovery process and the resolution of the litigation.").

The purpose of Rule 36 is achieved as it both "facilitate[s] proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow[s] the issues by eliminating those that can be." Fed. R. Civ. P. 36. In short, requests for admission are intended to streamline trials by "obviating the need to adduce testimony and documents as to matters that are not really in controversy." *US v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009).

Plaintiffs propose following the Local and Federal Rules regarding requests for admission here to advance litigation. Given the number of Defendants in this case, including an educational institution, Plaintiffs may require many requests for admission in order to properly conduct discovery. Furthermore, there are many uncontroverted facts in this case that support the numerous claims asserted. The exact number cannot be known at this time, but would almost certainly be more

3

than twenty-five (25) and to limit them prematurely could prevent a complete and thorough discovery process.

Even still, Plaintiffs are willing to compromise with Defendants on this point and proposes two ways of limiting the number of requests for admission while still ensuring a thorough and complete discovery process.

One proposal is that a "reasonableness" standard be applied to the number of admissions. While this language is not as precise as a number, it is more restrictive than the unlimited Federal and Local Rules.

Secondly, Plaintiffs suggest a limit on the number of requests for admission that can be served on individual parties at any one time. This would prevent any attempts to flood the opposition with requests while still ensuring that discovery was complete and thorough.

Moreover, Plaintiffs note that Defendants are at no loss by adhering to the FRCP. In particular, the FRCP provides a remedy and process to ensure that Rule 36 is not abused. Rule 26 of the FRCP provides a process by which Defendants may protect itself from unnecessary discovery by seeking a protective order from this Court. Plaintiffs believe Rule 26 provides sufficient protection and guidance on this matter. Lacking an agreement on the terms, and there being no strict need for this section at this stage (no abuse), Plaintiffs would follow the Federal Rules of Civil Procedure and have the Parties seek a protective order in accordance with Rule 26(c) when appropriate. However, the Federal Rules of Civil Procedure being the default rule, there is no need to deviate from it in this proposal.

By contrast, were Plaintiffs to waive their right to seek the number of requests for admission necessary to establish his case under FRCP 36, they would be prejudiced and Defendants advantaged. Plaintiffs would only be allowed to ask each Defendant independent questions, while each Defendant each could ask Plaintiffs questions and use those questions in the composite and in the cumulative. Such imbalance runs afoul of the Rules.

Finally, Plaintiffs note, that such limitation as Defendants request on Rule 36—absent abuse or consent by Plaintiffs—which has been held to impact discovery and trial, would adversely be a constraint on Plaintiffs' Sixth Amendment to the United States Constitution right to a fair jury trial. Indeed, Plaintiffs could find no case in this Circuit, where abuse was anticipated and Plaintiffs' right to seek requests for admission limited to a plaintiff's prejudice.

Plaintiffs wish to avoid such violations and address such issues of abuse if and when they become relevant, in accordance with Rule 26, rather than granting Defendants limitation on his substantive right to seek request for admission at the outset to thoroughly develop his case. Thus, Plaintiffs request that the Court adopt his Proposal.

Furthermore, Defendants seek to limit the timeframe to litigate this matter. Plaintiffs explained primarily to Defendants that they sought to extend the timeline due to the current COVID-19 pandemic, which is becoming increasingly dangerous. In addition, because of the nature of the season and weather, Plaintiffs thought it best to time matters such that this litigation would be optimized at the outset. As it

5

stands, the Parties could lose up to three months, and Plaintiffs would be prejudiced. Plaintiffs are responsible for developing the facts and theories of their case, which is complicated by unforeseen circumstances and developments—the Centers for Disease Control even recommended that people not travel Thanksgiving due to concerns of spreading COVID-19 at an alarming rate. As such, Plaintiffs wish to minimize the contact with people and limit exposures, while also understanding that those whom they would need to come in contact with might not have the means to communicate electronically. Moreover, and as an additional basis, most of the discovery that Plaintiffs would need from Defendants is located in Las Vegas. Therefore, Plaintiffs request an extended deadline to account for the current pandemic and unknown circumstances to allow the pandemic to settle and season to clear.

Respectfully submitted this, 24th day of November, 2020.

/s/ Sharika M. Robinson_____
Sharika M. Robinson (N.C. Bar No. 44750)
The Law Offices of Sharika M. Robinson, PLLC
10230 Berkeley Place Drive, Suite 220
Charlotte, NC 28262
(704) 561-3771
srobinson@sharikamrobinsonlaw.com
*Attorney for Plaintiffs*


/s/ Harry M. Daniels
Harry M. Daniels
Daniels & James, LLC
233 Peachtree St. NE Ste. 1200
Atlanta, GA 30303
Telephone: (678) 664-8529

daniels@danielsjameslaw.com
*Attorney for Plaintiffs*

/s/ Julian M. Hall
Julian M. Hall
The Law Office of Julian M. Hall
817 N Mangum Street
Durham, NC 27701
Telephone: (919) 530-1130
Julianmhall01@gmail.com
*Attorney for Plaintiffs*

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
No. 1:19-cv-00808-LCB-JLW

ROSETTA SWINNEY, an individual )
and legal guardian and next of friend )
to J.S., a minor, )
                                            Plaintiffs, )
)
v. )
)
FRONTIER AIRLINES, Inc., et al. )
)
                                            Defendants. )

**PLAINTIFFS' RULE 26(F) REPORT**

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1(b), a telephonic meeting was held on October 20, 2020 and was attended by Sharika Robinson for Plaintiffs Rosetta Swinney ("Swinney") and J.S., a minor ("J.S."), and Aaron White for Defendant, Frontier Airlines, Inc. ("Frontier") (collectively "the Parties").

2. <u>Discovery Plan.</u> The parties propose to the Court the following Discovery Plan:

- Discovery will be needed on the following subjects:

   a) The circumstances surrounding Plaintiffs' alleged exposure to vomit on the subject aircraft;

   b) The party responsible for the presence of the alleged vomit, including any vendor retained by Frontier to clean its aircraft prior to such flight;

9

- c) Whether Plaintiff's alleged exposure to vomit caused either or both of them to sustain any physical injuries, including sickness, and/or emotional distress;

- d) The circumstances surrounding Plaintiff Swinney's removal from the aircraft by law enforcement;

- e) The circumstances surrounding Frontier's alleged defamatory statements;

- f) Whether Plaintiff Swinney sustained any special damages related to the alleged defamation, Plaintiffs' exposure to vomit, or her removal from the plane;

- g) Any and all other areas which may be fertile grounds for discovery regarding allegations stated in the complaint.

- The parties agree that the appropriate plan for this case is that designated in LR 26.1(a) as exceptional. All discovery requests and responses that are submitted electronically, by email, and are deemed served on the date the electronic communication is sent.

- The date for the completion of all discovery (general and expert) is January 21, 2022.

- Stipulated modifications to the case management track include:

  a) A decision to follow the Federal Rules of Civil Procedure with respect to requests for admissions. The maximum number of depositions available under the federal rules will be allowed.

- The parties will complete Rule 26(a)(1) initial disclosures within 30 days of the entry of the Court's order related to this joint plan.
- Reports as required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:

    a) From Plaintiffs by October 17, 2021.

    b) From Defendant by November 17, 2021.

- Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the court.

    3.    Mediation: Parties participated in voluntary mediation on February 26, 2020, before mediator Rene Stemple Trehy, Esq. Mediation was unsuccessful. Parties agree to mediate at least once more before the end of the close of discovery.

    4.    Preliminary Deposition Schedule:

The parties anticipate that fact witness depositions will be taken after service of written discovery responses by the Parties. Counsel for the Parties will confer and attempt to schedule any depositions on mutually agreeable dates during the discovery period. The parties will update this deposition schedule at reasonable intervals. Individual depositions will last no more than 7 hours, unless agreed to in advance.

    5.    Other items.

- Parties agree that, whenever possible, discovery requests and responses will be conducted via e-mail or other electronic means in order to limit physical mailings or physical contact with parties during the Covid-19 pandemic.

- Plaintiff should be allowed until August 19, 2021 to request leave to join additional parties or amend pleadings.

- Defendant Frontier should be allowed until October 19, 2021 to request leave to join additional parties or amend pleadings. After these dates, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

- The parties have discussed special procedures for managing the case, including referral of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. §636(c) and appointment of a master. The parties do not agree to a referral to a Magistrate Judge or the appointment of a master.

- Trial of the action is expected to take approximately 5 days. A jury trial has been demanded.

Dated: November 24, 2020              Respectfully submitted,

/s/ Sharika M. Robinson
Sharika M. Robinson
The Law Offices of Sharika M. Robinson, PLLC
10230 Berkeley Place Drive
Charlotte, NC 28262
Telephone: (704) 561-6771
srobinson@sharikamrobinsonlaw.com
*Attorney for Plaintiffs*


/s/ Harry M. Daniels
Harry M. Daniels
Daniels & James, LLC

233 Peachtree St. NE Ste. 1200
Atlanta, GA 30303
Telephone: (678) 664-8529
daniels@danielsjameslaw.com
*Attorney for Plaintiffs*


/s/ Julian M. Hall
Julian M. Hall
The Law Office of Julian M. Hall
817 N Mangum Street
Durham, NC 27701
Telephone: (919) 530-1130
Julianmhall01@gmail.com
*Attorney for Plaintiffs*

13

## CERTIFICATE OF SERVICE

I certify that on November 24, 2020, I caused the foregoing to be electronically filed with the United States District Court for the Middle District of North Carolina using the CM/ECF system.

/s/ Sharika M. Robinson
Sharika M. Robinson
The Law Offices of Sharika M. Robinson, PLLC
10230 Berkeley Place Drive
Charlotte, NC 28262
Telephone: (704) 561-6771
srobinson@sharikamrobinsonlaw.com
